IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY LEON HAMMER,  )  <br>     Petitioner,                         )  <br>                                    )  <br> v.                                       ) <br>                                    ) <br> HAROLD W. CLARKE,           ) <br>     Respondent.                 ) | Civil Action No. 7:23cv00003 <br><br> By: Elizabeth K. Dillon <br>      United States District Judge |

**ORDER**

Petitioner Gregory Leon Hammer, a Virginia inmate proceeding *pro se* in an action pursuant to 28 U.S.C. § 2254, has filed a combined motion for extension of time to respond to respondent's motion to dismiss and a request for a temporary restraining order (TRO). He alleges that he has been denied timely access to the prison's law library and cannot get such access unless he has a court order indicating that he has a filing deadline on a date certain. Upon consideration of the motions, the court grants Hammer an extension of time to file his response to the motion to dismiss; Hammer's response will be due on April 14, 2023. However, for the reasons stated below, the requested TRO is denied.

The standard for granting either a TRO or a preliminary injunction is the same. "Both are extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." *Sarsour v. Trump*, 245 F. Supp. 3d 719, 728 (E.D. Va. 2017) (internal quotations and citations omitted). The petitioner bears the burden of proving that (1) he is likely to succeed on the merits of his case; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in his favor; and (4) an injunction would be in the public interest. *Winter v. Nat'l. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Hammer alleges that he requested library time on March 1, 2023, to comply with his 21-day deadline to respond to the motion to dismiss, and the library supervisor advised him she would not schedule him unless he had an order from the court "specifically setting forth a court deadline date." Pet. Mot. for Ext. of Time & Req. for TRO, 2, ECF 17-18. This order granting Hammer's continuance request provides a definite deadline date. Accordingly, under the facts pled, there is no showing of actual, imminent, and irreparable harm to Hammer. Further, because Hammer has already filed his petition stating his legal claims, access to the law library at this time is not essential to the preservation of his rights. He has already provided the legal authority for his claims. Because there is no imminent threat of likely irreparable harm to Hammer, the court declines the request to exercise the extraordinary remedy of granting a TRO.

For the reasons stated, Hammer is **GRANTED** an extension to April 14, 2023, to file a response to the respondent's motion to dismiss (ECF No. 17) and his motion for a restraining order (ECF No. 18) is **DENIED**.

The Clerk is directed to send copies of this order to Mr. Hammer.

Entered: March 20, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge