IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY LEON HAMMER,            )<br>    Petitioner,            )<br>            )<br>v.            )<br>            )<br>HAROLD W. CLARK,            )<br>    Respondent.            ) | Civil Action No. 7:23-cv-00003<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On September 19, 2023, the court issued an opinion and order granting respondent's motion to dismiss Gregory Leon Hammer's petition for a writ of habeas corpus. (Dkt. Nos. 44, 45.) Hammer has moved for relief from the court's judgment. (Dkt. Nos. 47, 48.)

Hammer labeled his motions pursuant to Rule 60 as motions for relief from judgment. However, because they were filed within 28 days of the entry of judgment, the court analyzes them as motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See McCrea v. Wells Fargo*, Civil Action No. RDB-18-2490, 2019 WL 4962022, at *3 (D. Md. Oct. 8, 2019). Such a motion is not considered a second or successive petition requiring prior authorization from the court of appeals. *See Banister v. Davis*, 140 S. Ct. 1698, 1710–11 (2020).

A final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion "may not be used to relitigate old

matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* The district court has "considerable discretion in deciding whether to modify or amend a judgment." *Fleming v. Md. Nat'l Capital Park & Panning Comm'n*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012).

The court granted respondent's motion to dismiss after finding that the state court's resolution of petitioner's claims of prosecutorial misconduct, denial of right of self-representation, and insufficient evidence was not contrary to, or an unreasonable application of, clearly established federal law. (Dkt. No. 44 at 11–16.) The court also found that petitioner's claim relating to a *nolle prossed* abduction charge was a matter of state law not reviewable in federal habeas corpus. (*Id.* at 16.) Finally, the court found that petitioner procedurally defaulted his claim that his waiver of counsel was invalid. (*Id.* at 17–20.)

Hammer's motions do not identify any changes in the law or new evidence that was not previously available. Instead, Hammer argues that the court erred because it did not consider certain submissions, particularly Docket Numbers 36 and 38, which Hammer identifies to be pertinent state court records that were not otherwise provided as part of the record before the court. (Dkt. No. 48 at 1–2.) Hammer is wrong—the court "examined all of Hammer's filings," including Docket Numbers 36 and 38, but they "[did] not impact the court's resolution of this matter." (Dkt. No. 44 at 8; *see also id.* at 7 (citing Dkt. Nos. 36, 38.).) On the whole, Hammer's arguments are insufficient to meet the high standard for granting relief under Rule 59(e).

For these reasons, it is HEREBY ORDERED that Hammer's Rule 59(e) motions (Dkt.

Nos. 47, 48) are DENIED.  It is further directed that the clerk shall provide copies of this order to Hammer, all counsel of record, and the Fourth Circuit Court of Appeals.

Entered: November 20, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge